UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARRY HUNTER,  ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:20-cv-02297-GMN-BNW |
| vs. ) | |
| ) | **ORDER** |
| AMERICA FIRST FEDERAL CREDIT ) | |
| UNION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant America First Federal Credit Union's ("Defendant's") Motion to Dismiss, (ECF No. 6). Plaintiff Larry Hunter ("Plaintiff") filed a Motion to Oppose and Vacate the Motion to Dismiss, or in the alternative, Motion for Summary Judgment, (ECF No. 18), which this Court broadly construes as a Response.[1] Defendant filed a Reply, (ECF No. 20).

Also pending before the Court is Defendant's Motion for Summary Judgment, (ECF No. 7). Plaintiff filed a Response, (ECF No. 18), to which Defendant filed a Reply, (ECF No. 21).

For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES as moot** Defendant's Motion for Summary Judgment and Plaintiff's Motion to Oppose.

---

[1] The Court is obligated to hold a *pro se* litigant to a different standard than a party who is represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The pleadings of a *pro se* litigant are "to be liberally construed" and "however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, the *pro se* litigant "should not be treated more favorably" than the party who is represented by counsel. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

## I. BACKGROUND

This case arises from Plaintiff's alleged failure to timely fulfill his child support obligations. (*See* Compl., ECF No. 13). Plaintiff maintains a bank account with Defendant. (*Id*. ¶ 5). On October 22, 2020, the Clark County Office of the District Attorney mailed Defendant a Notice of Lien and Attachment ("Notice"). (*Id*. ¶ 6); (*see also* Notice, Ex. A to Mot. Dismiss, ECF No. 6). The Notice explicitly "requests [Defendant to] immediately issue payment in the amount of $5,861.10 [ . . . ] payable to 'State Collection and Disbursement Union (FIDM)'" pursuant to Nevada Revised Statutes ("NRS") 425.460 through 425.470. (*See* Notice at 1). Plaintiff alleges that he received a phone call from Raelyn Gallegos, Assistant Manager of America First Credit Union, informing Plaintiff that Defendant received the Notice. (*See* Compl. ¶ 6). In response, Plaintiff allegedly sent out three Cease and Desist Letters to Defendant and the Office of the District Attorney on October 23, 2020; November 5, 2020; and December 14, 2020. (*Id.* ¶¶ 7–8, 12). On November 13, 2020, Plaintiff discovered that Defendant transferred out $5,861.10 from his account. (*Id*. ¶ 9).

Plaintiff then filed the instant action, alleging that Defendant illegally seized and paid money from his account "to a non-existent lien holder without court order and without authorization from the Plaintiff to do so." (*See* Compl. at 1). Plaintiff alleges, *inter alia*, that Defendant willfully violated multiple federal criminal statutes, including: (1) Conspiracy to Violate or Interfere with the Plaintiff's Unalienable Rights by Threat or Intimidation, in violation of 18 U.S.C. § 241; (2) Abuse of Any Apparent Legal Authority or Color of Law to Deprive the Plaintiff Unalienable Rights Afforded by the Constitution or Any Other Law, in violation of 18 U.S.C. § 242; (3) Seeking to Obtain Money or Property by False Pretenses or Misrepresentation, in violation of 18 U.S.C. § 1343; (4) Conspiracy to Violate or Interfere with the Plaintiff's Legal and/ or Lawful Right to be Addressed by His Own Proper Name, and/ or His Exact Legal Appellation, and Not Addressed by Any Fictitious, False, or Assumed Title,

other than His Own Proper Name, in violation of 18 U.S.C. § 1342; and (5) dishonest transfer of assets, in violation of the Fair Debt Collection Practices Act ("FDCPA"). (*Id*. ¶¶ 16–21). Plaintiff additionally alleges Defendant breached its contract. (*Id*. at 7).  Accordingly, Plaintiff requests the Court order Defendant to return him the transferred funds. (*Id*. at 9).

## II. LEGAL STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

### III. DISCUSSION

**A. Motion to Dismiss, (ECF No. 6)**

Defendant argues that Plaintiff fails to allege a plausible claim because the Notice required Defendant to encumber and surrender the assets, in compliance with NRS 425.460 through 425.470. (Mot. Dismiss 3:18–4:20). Further, pursuant to NRS 425.460(3)(b), Defendant asserts that it cannot be held liable in any civil or criminal action for encumbering or surrendering any asserts pursuant to a notice of lien and attachment. (*Id*. 4:21–5:8).

Under NRS 425.460(3)(b), "[a] financial institution may not be held liable in any civil or criminal action for encumbering or surrendering any assets held by the financial institution pursuant to this section." Here, Defendant cannot be held liable, as a matter of law, for disbursing Plaintiff's funds. The Clark County Office of the District Attorney explicitly ordered Defendant to release Plaintiff's funds. (*See* Notice at 1). The Notice explicitly states, "[p]ursuant to Nevada Revised Statutes 425.460 through 425.470, the Child Support Enforcement Program is authorized to attach (seize) all financial accounts for [Larry L. Hunter] for past due child support that has accrued under a valid child support order." (*See id.*). As a result, the Notice "request[s] [Defendant] immediately issue payment in the amount of $5,861.10 . . . payable to 'State Collection and Disbursement Unit (FIDM).'" (*See id.*). Upon receipt of this Notice, Defendant disbursed the funds to FIDM and informed Plaintiff that it "was required to comply with the terms of the" Notice. (*See* Decl. of Sharee Dickey ("Dickey Decl."), Ex. B to Mot. Dismiss, ECF No. 6). Based on the foregoing evidence, the Court finds

that Defendant lawfully disbursed Plaintiff's funds according to NRS 425.460 through 425.470.[2]

Notably, Plaintiff fails to substantially rebut Defendant's assertions. Plaintiff, in its Response, repeats the arguments raised in his initial Complaint and appears to wholly ignore the fact that Defendant attached a copy of the Notice in its Motion to Dismiss. (*See* Pl.'s Resp. to Mot. Dismiss ¶ 5, ECF No. 18) (alleging that "Defendant has not complied with Nevada State Law [because] there is no court order or proof of alleged debt and is now liable."). Because Plaintiff fails to plead a plausible claim upon which relief can be granted, the Court finds that dismissal pursuant to Federal Rule of Civil Procedure12(b)(6) is proper.[3]

### B. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). A district court should not dismiss a *pro se* complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) (internal quotation marks omitted).

The Court finds that Plaintiff will not be able to plead additional facts to support his claims. Defendant provides credible evidence, in the form of the Notice of Lien and

---

[2] In addition, even if the Court found that Plaintiff unlawfully disbursed funds, Defendant cannot be held liable for "surrendering any asserts held by the financial institution" pursuant to NRS 425.460(3)(c).

[3] Because Defendant requests summary judgment in the alternative and the Court grants Defendant relief based on his Motion to Dismiss, the Court need not address Defendant's Motion for Summary Judgment, (ECF No. 7).

Attachment, that it lawfully released Plaintiff's funds according to Nevada state law. Accordingly, the Court will not grant Plaintiff leave to file an amended complaint.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 6), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment, (ECF No. 7), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Oppose and Vacate the Motion to Dismiss, or in the alternative, Motion for Summary Judgment, (ECF No. 18), is **DENIED as moot**.

The Clerk of Court is ordered to close the case accordingly.

**DATED** this __28__ day of July, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court